UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEVADA

| | |
|---|---|
| VANESSA MUSTAFA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SPARKS JUSTICE COURT,<br>an governmental organization, and,<br>DOES 1 through 100, inclusive,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 21-481<br><br>NERC NO.　0810-18-0101R<br>EEOC NO.　34B-2018-00836 |

# COMPLAINT

## Information

1. Plaintiff, VANESSA MUSTAFA, nka Vanessa Whalen, by and through her attorney, Debra M. Amens, Esq. of AMENS LAW, Ltd., brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., to remedy acts of employment discrimination based on race, color, religion, sex, and national origin. Plaintiff attaches her Verification of this Complaint herein.

## Administrative Exhaustion

2. Plaintiff filed a Complaint with the Nevada Equal Rights Commission in Case #: 0810-18-0101R and has an EEOC Case 34B-2018-00836. She has been issued a Right to Suit letter from the United States Department of Justice, Civil Rights Division, Employment Litigation Section, after referral from the office of the Equal Employment Opportunity Commission and includes it herein as **Exhibit 1**.

COMPLAINT - 1

### Jurisdiction

3. This Court has jurisdiction over the subject matter of this civil action pursuant to the fact that the case arises under federal law, namely the Title VII of the Civil Rights Act of 1964 (Title VII), as codified, 42 U.S.C. §§ 2000e to 2000e-17.

### Venue

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 (1) and (2) as Plaintiff was sought employment from the Sparks Justice Court in Sparks, Nevada. The courthouse is located at 1675 Prater Way, Ste. 107, Sparks, Nevada. Plaintiff's employment application are maintained by Sparks Justice Court Administration, which is located in this judicial district, and decisions adverse to her hiring that are the subject of this civil action were made in this judicial district.

### Parties

5. Plaintiff, VANESSA MUSTAFA (hereinafter "MUSTAFA"), is female law enforcement officer for Washoe County in the State of Nevada. She is a resident of Reno, Nevada, and is currently working with Washoe County School District Police Department. In 2018, while she was working at Washoe County Sheriff's Office she applied for a position as the Bailiff at the Sparks Justice Court.

6. Defendant, SPARKS JUSTICE COURT (hereinafter "SPARKS"), is one of 65 of Nevada's Justice Courts, which per the Nevada Revised Statutes are Courts of limited jurisdiction handling non-traffic misdemeanors, small claims, summary evictions, temporary protection, and traffic cases. SPARKS, like the other Justice Courts are organized under their local County government, here Washoe County government, with the elected Justice of the Peace reporting to the Nevada Supreme Court.

COMPLAINT - 2

7. SPARKS qualifies as an 'employer' per the definition of the Civil Rights act because it 42 U.S.C. § 1981 employs more than 15 employees throughout the organization and its subsidiaries and is therefore an employer within the meaning of 42 U.S.C. § 2000e(b). Both State and Federal include state and local governments, employment agencies, labor organizations and the federal government as covered employers. See NRS 613.310(2).

8. Does 1 through 100, are other persons, corporations, entities, lien holders, or other persons involved in this civil action but whose names and identities are unknown at this time.

## Statement of Facts

9. SPARKS sought applications from law enforcement professionals to fill a vacancy in its Bailiff staff assigned to protect the Sparks Justice Court activities and staff in early 2018.

10. MUSTAFA, a commissioned law enforcement professional with six (6) years of experience applied for the position timely in February 2018, and was selected to interview with hiring staff at SPARKS. At the time of the interview, MUSTAFA had four (4) years of commissioned law enforcement experience plus an additional two (2) years of decommissioned work also with the Washoe County Sheriff's office.

11. MUSTAFA's first interview took place on February 26, 2018.

12. As part of the interview, MUSTAFA asked in an e-mail for a 'walk along' with a current Bailiff at SPARKS, this is a common request for law enforcement applicants. Instead, MUSTAFA was given a tour of the facility by Mr. Scott Kreber, Bailiff Supervisor. Also present in the interview was Anita Whitehead, Court Administrator and Cynthia Horning, Assistant Court Administrator.

13. SPARKS moved into their current location on Prater way following its construction in February 2013. At the site, there was no provision made for a locker, restroom,

COMPLAINT - 3

or shower facilities for female Bailiffs. This was odd given this was a brand new facility. For example, the 2nd Judicial District Court in Reno, a 100 year old building, has equitable facilities for both males and females.

14. The tour included the Bailiff locker room and restroom facilities. Mr. Kreber stated to MUSTAFA on the tour that if she was hired they would have to make accommodations for a female Bailiff in reference to the bathroom, locker room and shower area. This further reinforced that the existing facilities were only for male Bailiffs.

15. Mr. Kreber also expressed during the tour, that the Courthouse design and Bailiff station and facilities, had been designed with the previous Bailiff Supervisor's input. Mr. Kerber's comments reinforced that there was a structural barrier present to having a female Bailiff.

16. The locker and restroom facilities for Bailiffs' is an important component of facility safety, as they are expected to use these facilities as part of their use of personal protective gear, and the defense of the courtroom and staff in emergency situations including certain types of attacks (ie. chemical weapons deployment and biohazard situations.)

17. Additionally, the SPARKS Bailiff Report Room, used for briefings and incident reports, was directly connected to the "Male" Bailiff Locker Room making it unusable for an integrated Bailiff team. This was another structural barrier to hiring a female Bailiff.

18. MUSTAFA's initial interview went well and she was told that she was the only 'qualified' candidate for the position.

19. MUSTAFA was well qualified for the position because she had earned a Bachelor's Degree in Politics and Government and a Master's Degree in Criminal Justice. She had worked four (4) years as commissioned officer and two (2) years as a Master Bailiff. A master bailiff designation indicates that she is proficient at all courtroom proceedings and was

COMPLAINT - 4

able to be a primary trainer for new bailiffs.

20. At the second interview, MUSTAFA was told that there was now another 'qualified' finalist for the position.

21. The EEOC investigation found that the other finalist was male who had fewer qualifications than MUSTAFA.

22. SPARKS had not employed a female Bailiff in almost a decade and none since moving into their new facilities.

23. At the same time, a part-time Bailiff position by SPARKS was offered to another male Bailiff, who was not an applicant for the full-time position, who was not a master bailiff and who did not have experience in high stakes criminal trials and proceedings. This offer/option was also never offered to MUSTAFA.

24. Favoring internal candidates inherently perpetuates the status quo and constrains diversity.

25. Bailiff positions are highly sought after by law enforcement professionals due to the stable nature of the work and these opportunities typically do not come up often.

26. MUSTAFA was discriminated against in the hiring process because she is female.

### First Cause of Action

**(Defendants' Unlawfully Discriminated Against Plaintiff on the Basis of Sex)**

27. The allegations of the foregoing paragraphs are incorporated herein by reference.

28. In forbidding discrimination on the basis of sex in the workplace, Title VII of the Civil Rights Act of 1964, 42 U.S. C. §§2000e et. seq., as amended by the Civil Rights Act of 1991, prohibits the denial of equal employment opportunity because the potential employee is either male or female. Here, SPARKS had hired only male Bailiffs over the past decade prior to

COMPLAINT - 5

MUSTAFA's application and when presented with a highly qualified female candidate they again chose to hire a less qualified male candidate. This constitutes an unlawful employment practice by an employer:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.
>
> 42 U.S.C.§ 2000(e)(a)

29. MUSTAFA applied for the Bailiff position, but was not hired because of her gender.

30. MUSTAFA was more qualified and had prior experience as a Bailiff and was, in fact, a master Bailiff, at the time she applied.

31. However, SPARKS kept the application timeline open and instead hired a less qualified applicant for the Bailiff position because he was male.

32. By this conduct, SPARKS deprived MUSTAFA of the same rights as are enjoyed by Males, to all of the benefits and privileges of the employment relationship with SPARKS.

33. SPARKS claims that the structural barriers presented were deminimis clearly were not in keeping with the comments expressed by the Bailiff Supervisor during MUSTAFA's facility tour.

34. SPARKS other reasons for not hiring MUSTAFA were merely pretext.

COMPLAINT - 6

35. SPARKS decision to not hire MUSTAFA was neither job-related nor consistent with any legitimate business necessity or purpose, and therefore, violates MUSTAFA's rights under Title VII.

36. MUSTAFA has, as required, exhausted her agency remedies, as a complaint was filed with the Nevada Equal Rights Commission (NERC) who investigated the charge of discrimination and attempted resolution with the Parties, the Equal Employment Opportunities Commission (EEOC) review and finally a full review by the Department of Justice Civil Rights Division, who ultimately issued a right to sue letter after finding that Plaintiff had met her burden.

37. As a result of SPARKS discriminatory hiring practices in violation of Title VII, MUSTAFA has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and she has suffered mental anguish, stress and anxiety, and pain and suffering.

38. SPARKS actions were intentional and MUSTAFA is due punitive damages from SPARKS.

## Second Cause of Action

**(Defendants' Unlawfully Discriminated Against Females through the Facility Design for the Bailiff Station, thereby creating Disparate Impact Discrimination)**

39. The allegations of the foregoing paragraphs are incorporated herein by reference.

40. In not providing Bailiff Facilities for both sexes, or even for an integrated Bailiff team, during the design phase of the new Courthouse, SPARKS created structural barriers that caused disparate impact discrimination against all female Bailiff Applicants.

41. The SPARKS former Bailiff Supervisor had design input regarding the Bailiff Station during the design phase.

COMPLAINT - 7

42. The SPARKS current Bailiff Supervisor raised the Bailiff Station design as an impediment to hiring MUSTAFA during the facility tour.

43. SPARKS has hired ZERO female Bailiff's since for over a decade and since moving into the new Courthouse facilities.

44. SPARKS intentionally created structural barriers that caused unlawful discriminatory practices against all female Bailiff Candidates.

45. MUSTAFA suffered disparate impact discrimination at the hands of SPARKS.

46. As a result of SPARKS discriminatory hiring practices in violation of Title VII, MUSTAFA has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and she has suffered mental anguish, stress and anxiety, and pain and suffering.

47. SPARKS actions were intentional and MUSTAFA is due punitive damages from SPARKS.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

(a) Judgment in favor of Plaintiff and declaration that Defendants' discriminatory actions, conduct and practice has violated the laws of the United States and the State of Nevada

(b) An injunction and order permanently retraining Defendants from engaging in such unlawful conduct;

(c) An order requiring Defendant to fix the structural barriers it created through the design of the its current Courthouse;

(d) An award of damages in an amount to be determined at trial, plus pre-judgment

COMPLAINT - 8

interest, to compensate Plaintiff for harm caused by the Defendant's discriminatory hiring practices;

(e) An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including mental anguish, stress and anxiety, emotional pain and suffering;

(f) An award of punitive damages;

(g) An award of costs that Plaintiff has incurred in this action, including reasonable attorney's fees, and costs of expert witnesses, with interests thereon; and,

(h) Other damages and further relief as deemed just.

## JURY DEMAND

The Plaintiff requests trial by jury.

DATED this 9th day of November, 2021.

Respectfully Submitted,

*/s/ Debra M. Amens*

Debra M. Amens, Esq.
AMENS LAW, Ltd.
Nevada Bar No. 12681
P.O. Box 488
Battle Mountain, Nevada 89820
T:(775) 235-2222  F:(775) 635-9146
E-Mail: debra@amenslawfirm.com

COMPLAINT - 9

## VERIFICATION

STATE OF NEVADA        )
                       ) ss.
COUNTY OF Washoe       )

COMES NOW, VANESSA MUSTAFA, as Plaintiff herein, being first duly sworn, depose and says:

That she has read the foregoing VERIFIED COMPLAINT; that she knows the content thereof; that the same is true of her own knowledge, save and except as to matters therein stated on information and belief, and as to those matters she believes them to be true.

DATED this 4 day of November, 2021.

_____
VANESSA MUSTAFA

SUBSCRIBED and SWORN to before me this 4th day of November, 2021, by VANESSA MUSTAFA.

_____
NOTARY PUBLIC

BREANNE READ
Notary Public-State of Nevada
Appointment No. 21-9731-02
My Appointment Expires June 15, 2025

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I work with AMENS LAW, LTD, and that on the 9th day of November, 2021, I served a copy of the COMPLAINT by delivering a true and correct copy of same by hand delivery and/or in a sealed envelope, properly addressed via first class mail, with postage thereon fully prepaid, to the following:

Anita Whitehead, Administrator
Sparks Justice Court
1675 E. Prater Way Ste107
Sparks, NV 89434

Mary Kandaras, Esq.
Washoe County District Attorney's Office
338 California Ave.
Reno, NV 89509

Karrie L. Maeda
State and Local Coordinator
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

Richard Brown, Compliance Investigator II
NEVADA DEPARTMENT OF EMPLOYMENT
  TRAINING AND REHABILITATION
1325 Corporate Blvd., Room 115
Reno, NV 89502

Karen D. Woodard, Chief Employment Litigation Section
US DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530

/s/ H. Andersen
HEATHER ANDERSEN, Paralegal

COMPLAINT - 10