**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| VANESSA MUSTAFA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SPARKS JUSTICE COURT,<br><br>　　　　　　Defendant. | Case No. 3:21-CV-00481-CLB<br><br>**ORDER DENYING MOTION TO DISMISS AS MOOT AND GRANTING MOTION TO AMEND**<br><br>[ECF Nos. 9, 16] |

  This case involves a civil rights action filed by Plaintiff Vanessa Mustafa ("Mustafa") against Defendant Sparks Justice Court. Currently pending before the Court is Sparks Justice Court's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 9.) Mustafa responded, (ECF No. 16), and Sparks Justice Court replied, (ECF No. 17). Also pending before the Court is Mustafa's motion for leave to amend complaint, (ECF No. 16), to which the Sparks Justice Court responded, (ECF No. 17).

  The motion to dismiss first argues Sparks Justice Court is not a "suable entity" and therefore must be dismissed. (ECF No. 9 at 4-6.) Mustafa concedes that the complaint as filed is defective and seeks leave to amend to name the proper Defendant—Washoe County. (ECF No. 16 at 2.) Mustafa attaches a proposed amended complaint reflecting this change. (ECF No. 16-1.) Sparks Justice Court does not oppose Mustafa's request to file the proposed amended complaint, but argues that amendment may nonetheless be futile based on the other issues raised in the motion to dismiss (i.e. the personal staff exemption, punitive damages, compensatory damages, and *Younger* abstention doctrine). (ECF No. 17 at 2.) Presently, Mustafa has not addressed these other issues.

  Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v.*

*Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Sparks Justice Court does not oppose the motion to amend, and in light of the liberal standard of Rule 15, the Court grants the motion, (ECF No. 16).

An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (citation omitted). Additionally, an amended complaint will also ordinarily moot a pending motion to dismiss. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Accordingly, because the amended complaint, (ECF No. 16-1), is now the operative complaint in this case, the motion to dismiss, (ECF No. 9), is denied as moot.

I. **CONCLUSION**

Based on the above, **IT IS THEREFORE ORDERED** that the motion to dismiss, (ECF No. 9), is **DENIED, AS MOOT**; and,

**IT IS FURTHER ORDERED** that the motion for leave to file an amended complaint, (ECF No. 16), is **GRANTED.**

**IT IS SO ORDERED.**

DATED: February 2, 2022    .

_____
**UNITED STATES MAGISTRATE JUDGE**

2